DONGELL LAWRENCE FINNEY LLP
MATTHEW CLARK BURES (SBN 143361)
mbures@dlflawyers.com
BENJAMIN L. CAPLAN (SBN 265179)
bcaplan@dlflawyers.com
707 Wilshire Boulevard, 45th Floor
Los Angeles, CA 90017-3609
Tel.: (213) 943-6100 / Fax: (213) 943-6101

WILK AUSLANDER LLP
JAY S. AUSLANDER (Admitted *Pro Hac Vice*)
jauslander@wilkauslander.com
NATALIE SHKOLNIK (Admitted *Pro Hac Vice*)
nshkolnik@wilkauslander.com
JOSEPH ZELMANOVITZ, of Counsel (Admitted *Pro Hac Vice*)
jzelmanovitz@wilkauslander.com
JULIE CILIA (Admitted *Pro Hac Vice*)
jcilia@wilkauslander.com
1515 Broadway, 43rd Floor
New York, NY 10036
Tel.: (212) 421-2233 / Fax: (212) 752-6380

Attorneys for Defendants
WESTPARK CAPITAL, INC. and
RODMAN & RENSHAW, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT SCOTT, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>　　　　Plaintiff,<br><br>　　　　vs.<br><br>ZST DIGITAL NETWORKS, INC. et al.,<br><br>　　　　Defendants. | **Case No.: 2:11-cv-03531-GAF (JCx)**<br><br>CLASS ACTION<br><br>**NOTICE OF MOTION AND MOTION FOR ORDER GRANTING LEAVE TO WITHDRAW AS COUNSEL OF RECORD FOR DEFENDANT WESTPARK CAPITAL, INC.; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; PARTIALLY REDACTED DECLARATION OF JAY S. AUSLANDER, ESQ.** |

1

Date:          June 4, 2012
Time:          9:30 a.m.
Department:   740

Complaint Filed: April 25, 2011
Consolidated
Complaint Filed: September 23, 2011
Amended Complaint Filed:  March 12,
2012
Trial Date: None Set

HON. GARY ALLEN FEESS

        TO THE HONORABLE COURT, ALL PARTIES HEREIN, AND
THEIR ATTORNEYS OF RECORD:

        PLEASE TAKE NOTICE that on June 4, 2012 at 1:30 p.m., or as
soon thereafter as the matter may be heard, in Courtroom 880 before the Honorable
Gary A. Feess of the United States District Court for the Central District of
California, located at 255 East Temple Street, Los Angeles, California 90012, Wilk
Auslander, LLP ("Wilk Auslander"), counsel of record for Defendant WestPark
Capital, Inc., ("WestPark") will, and hereby does, move for an order granting leave
to withdraw as counsel of record for WestPark in this matter.

        Good cause exists for the order requested herein, as WestPark has
failed to pay numerous invoices for Wilk Auslander's legal services and expenses
and has amassed a sizeable outstanding balance in the current matter as well as
legal costs for other pending matters in which WestPark is represented by Wilk
Auslander. Written notice of this motion has been provided in accordance with
Local Rule 83-2.9.2.1, and WestPark has been provided with written notice of the
consequences of its inability to appear pro se, as required by Local Rule 83-2.9.2.3.

NOTICE OF MOTION AND MOTION FOR ORDER GRANTING LEAVE TO WITHDRAW
AS COUNSEL OF RECORD FOR DEFENDANT WESTPARK CAPITAL, INC.

This application is made pursuant to Local Rule 83-2.9.2.1 and is based upon this Notice of Motion and Motion for Leave to Withdraw as Attorneys of Record, the attached Memorandum of Points and Authorities, the Partially Redacted Declaration of Jay S. Auslander, in support thereof, all papers and documents on file herein, and any other or further evidence or argument as may be presented at or before the hearing.  Please note that the unredacted Declaration of Jay S. Auslander is being filed under separate cover pursuant to Wilk Auslander's Application for Leave to File the Declaration under Seal.

WestPark can be contacted at the following address and phone number:

> WestPark Capital, Inc.
> 1900 Avenue of the Stars
> Suite 310
> Los Angeles, CA 90067
> Telephone: (310) 843-9300

Dated: April 11, 2012                DONGELL LAWRENCE FINNEY LLP

By: _/s/ Matthew Clark Bures_____
Matthew Clark Bures, Esq.
Benjamin L. Caplan, Esq.

WILK AUSLANDER LLP
Jay S. Auslander, Esq.
Natalie Shkolnik, Esq.
Joseph Zelmanovitz, Esq., Of Counsel
Julie Cilia, Esq.
York, New York 10036

*Attorneys for Defendants*
*WESTPARK CAPITAL, INC. and*
*RODMAN & RENSHAW, LLC*

NOTICE OF MOTION AND MOTION FOR ORDER GRANTING LEAVE TO WITHDRAW
AS COUNSEL OF RECORD FOR DEFENDANT WESTPARK CAPITAL, INC.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## MEMORANDUM OF POINTS AND AUTHORITIES

### PRELIMINARY STATEMENT

Wilk Auslander LLP ("Wilk Auslander") submits this memorandum of points and authorities in support of its motion, pursuant to Local Rule 83-2.9.2.1, for leave to withdraw as counsel to defendants WestPark Capital, Inc. ("WestPark") in the above referenced case (the "Motion"). For the reasons set forth below, Wilk Auslander respectfully submits that its motion for leave to withdraw be granted and that Wilk Auslander be permitted to withdraw from representing WestPark.

### POINT I

### AN ATTORNEY MAY WITHDRAW WHERE PROPER NOTICE HAS BEEN PROVIDED TO HIS OR HER CLIENTS AND A SHOWING OF GOOD CAUSE IS MADE TO THE COURT

Local Rule 83-2.9.2.1 provides: "An attorney may not withdraw as counsel except by leave of court. An application for leave to withdraw must be made upon written notice given reasonably in advance to the client and to all other parties who have appeared in the action." Local Rule 83-2.9.2.3 further provides: "An attorney requesting leave to withdraw from representation of a corporation or unincorporated association shall give written notice to the corporation or unincorporated association of the consequences of its inability to appear pro se."

Local Rule 83-2.9.2.4 states: "Unless good cause is shown and the ends of justice require, no substitution or relief of attorney will be approved that will cause delay in prosecution of the case to completion."

/ / /
/ / /
/ / /
/ / /
/ / /

---

4

**NOTICE OF MOTION AND MOTION FOR ORDER GRANTING LEAVE TO WITHDRAW AS COUNSEL OF RECORD**

As set forth below, and in the supporting declaration of Jay S. Auslander (the "Auslander Declaration[1]"), each of the above requirements has been satisfied. Accordingly, good cause and the ends of justice require that leave to withdraw as counsel for WestPark be granted to Wilk Auslander.

Finally, contact information for WestPark has been provided in the above Notice of Motion, so that the Court and other parties and attorneys know where to serve WestPark.

## POINT II

### GOOD CAUSE EXISTS FOR GRANTING LEAVE TO WITHDRAW

As set forth in the Auslander Declaration, good cause exists for granting leave to withdraw as counsel to WestPark.  Good cause exists for the order requested, as WestPark has failed to pay Wilk Auslander's invoices for its legal services and expenses in the present matter and two other pending class action lawsuits in which WestPark is represented by Wilk Auslander.  Specifically, WestPark currently has pending another matter in the Central District of California (*In re China Intelligent Lighting and Electronics, Inc. Securities Litigation* (Case No.: 2:11-cv-02768-PGS (SSx))), in which Wilk Auslander is seeking to withdraw as well, and a third in the United States District Court for the Southern District of New York (*Schuler v. NIVS Intellimedia Technology Group, Inc., et al.* (Case No.: 11-cv-02484 (AJN)), from which Wilk Auslander has already filed its motion to withdraw.  In addition, WestPark has given no indication concerning how they intend to satisfy their outstanding balance.

/ / /

/ / /

---

[1] Please note that the Auslander Declaration filed in conjunction with this Motion has been, in part, redacted and that an unredacted version of the Auslander Declaration will be lodged with the Court under separate cover pursuant to an Application for Leave to File the Auslander Declaration under Seal.

**NOTICE OF MOTION AND MOTION FOR ORDER GRANTING LEAVE TO WITHDRAW AS COUNSEL OF RECORD**

1    Moreover, given the complexities of the class action lawsuits in which
2    Wilk Auslander represents WestPark and because all three matters are at their
3    procedural infancy, Wilk Auslander will undoubtedly incur significant fees and
4    expenses on behalf of WestPark in the future.  As is the case concerning its current
5    outstanding balance, WestPark has given Wilk Auslander no indication concerning
6    how it intends to pay Wilk Auslander for the amounts that will be billed as these
7    matters proceed.
8         A client's breach of an obligation to pay a lawyer for services
9    rendered is a recognized ground for permissive withdrawal of counsel under Rule
10   3-700(C)(1)(f) of the California Rules of Professional Conduct.   Rule 3-
11   700(C)(1)(f) permits an attorney to seek withdrawal if the conduct of the client
12   "breaches an agreement or obligation to the member as to expenses or fees."  As
13   set forth in the Auslander Declaration, Wilk Auslander has repeatedly sought to
14   bring current WestPark's outstanding account balance.  Despite repeated demands
15   for payment and notice that Wilk Auslander would withdraw absent payment,
16   WestPark has failed to bring its account current and has failed to make any
17   arrangements for payment.   Consequently, WestPark has now accumulated
18   substantial debt to Wilk Auslander.  Therefore, WestPark's account remains in
19   arrears, thus entitling Wilk Auslander to permissively withdraw from the
20   representation pursuant to Rule 3-700(C)(1)(f) of the California Rules of
21   Professional Conduct.
22        In addition, Courts have recognized that a client's continued refusal to
23   pay legal fees can provide sufficient grounds to grant a motion to withdraw as
24   counsel of record in a case.  *See Darby v. City of Torrance,* 810 F.Supp. 275, 276
25   (C.D. Cal. 1992) (citing *Statue of Liberty - Ellis Island Foundation, Inc. v.*
26   *International United Industries, Inc.*, 110 F.R.D. 395, 397 (S.D. N.Y. 1986)).
27   ///
28   ///

---

6

**NOTICE OF MOTION AND MOTION FOR ORDER GRANTING LEAVE
TO WITHDRAW AS COUNSEL OF RECORD**

1   Accordingly, for the reasons set forth above and in the Auslander
2   Declaration, this Court should grant Wilk Auslander's motion for leave to
3   withdraw.

4   ## POINT III

6   **THE GRANTING OF THIS MOTION FOR LEAVE TO WITHDRAW,
    UPON THE TERMS SOUGHT, WILL AFFORD MORE THAN
    REASONABLE PROTECTION TO DEFENDANT WESTPARK AGAINST
    FORESEEABLE PREJUDICE AND WILL NOT UNREASONABLY
    DELAY THE PROSECUTION OF THIS ACTION TO COMPLETION**

9   Rule 3-700(A)(2) of the California Rules of Professional Conduct
10  requires withdrawing counsel to take:

11  > reasonable steps to avoid reasonably foreseeable
12  > prejudice to the rights of the client, including
13  > giving due notice to the client, allowing time for
14  > employment of other counsel, complying with
15  > Rule 3-700(D), and complying with applicable
16  > laws and rules.

17  Cal. R. Prof. Conduct 3-700(A)(2).

18  Notably, no prejudice to WestPark will result if Wilk Auslander is
19  permitted to withdraw given the posture of this case, which is at its procedural
20  infancy. Indeed, under the stipulated and so-ordered briefing schedule, motions to
21  dismiss the First Amended Consolidated Class Action Complaint, filed on March
22  9, 2012 (the "Complaint") are not due to be filed until April 28, 2012. Moreover,
23  there are no imminent, un-extendable deadlines pending in this case. Therefore, a
24  withdrawal at this time will not prejudice WestPark. If Wilk Auslander is
25  permitted to withdraw at this juncture, any counsel WestPark retains should have
26  ample time to familiarize itself with the factual and legal issues in this action and
27  thereby effectively represent WestPark and adequately protect its interests.
28  / / /

**NOTICE OF MOTION AND MOTION FOR ORDER GRANTING LEAVE
TO WITHDRAW AS COUNSEL OF RECORD**

## POINT IV

### WRITTEN NOTICE OF WILK AUSLANDER'S INTENTION TO SEEK LEAVE TO WITHDRAW HAS BEEN PROVIDED TO WESTPARK AND ALL PARTIES AND ATTORNEYS IN THIS MATTER

In compliance with Local Rule 83-2.9.2.1, written notice of Wilk Auslander's intention to seek leave to withdraw has been given reasonably in advance to WestPark and to all other parties that have appeared in the action. Specifically, WestPark was provided notice of Wilk Auslander's intention to request leave to withdraw by e-mail on March 30, 2012, April 3, 2012, April 4, 2012, and April 5, 2012. In addition, Wilk Auslander served the present Motion upon WestPark, along with written correspondence via U.S. mail and electronic mail, on April 9, 2012.

In addition, as required by Local Rule 83-2.9.2.3, on April 4, 2012, Wilk Auslander provided written notice to WestPark, by e-mail, of the consequences of its inability to appear *pro se* in this matter.

A proposed Order granting leave to withdraw as counsel for WestPark has been filed herewith.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

**NOTICE OF MOTION AND MOTION FOR ORDER GRANTING LEAVE TO WITHDRAW AS COUNSEL OF RECORD**

## POINT V

### CONCLUSION

As set forth above, and in the Auslander Declaration, good cause exists for granting leave for Wilk Auslander to withdraw as counsel for WestPark. Proper written notice of Wilk Auslander's intention to do so has been provided to WestPark (and to all other parties and counsel in this action by service of this Motion), and WestPark has been provided written notice of the consequences of its inability to appear *pro se* in this matter. Accordingly, Wilk Auslander respectfully requests that this Court grant Wilk Auslander leave to withdraw as counsel of record for WestPark.


Dated: April 11, 2012                DONGELL LAWRENCE FINNEY LLP

                                     By: _/s/ Matthew Clark Bures_____
                                     Matthew Clark Bures, Esq.
                                     Benjamin L. Caplan, Esq.

                                     WILK AUSLANDER LLP
                                     Jay S. Auslander, Esq.
                                     Natalie Shkolnik, Esq.
                                     Joseph Zelmanovitz, Esq., Of Counsel
                                     Julie Cilia, Esq.

                                     *Attorneys for Defendants*
                                     *WESTPARK CAPITAL, INC. and*
                                     *RODMAN & RENSHAW, LLC*

9

**NOTICE OF MOTION AND MOTION FOR ORDER GRANTING LEAVE TO WITHDRAW AS COUNSEL OF RECORD**

<u>PROOF OF SERVICE</u>

<u>ECF/PACER FILE AND SERVE</u>

I, Matthew Clark Bures, declare:

       1.     I am over the age of 18 years and am not a party to the within action.  I am a partner at Dongell Lawrence Finney LLP in the City of Los Angeles, State of California.

       2.     My business address is 707 Wilshire Boulevard, 45th Floor, Los Angeles, CA 90017-3609.

       3.     On April 11, 2012, I served a copy of the foregoing document, titled:  **NOTICE OF MOTION AND MOTION FOR ORDER GRANTING LEAVE TO WITHDRAW AS COUNSEL OF RECORD FOR DEFENDANT WESTPARK CAPITAL, INC.; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; PARTIALLY REDACTED DECLARATION OF JAY S. AUSLANDER, ESQ.,** by:

       [ X ]     Filing and serving directly through ECF/Pacer at the USDC-Central District of California (Central Division) website at: website at: https://ecf.cacd.uscourts.gov at approximately 2:45 p.m. PST.

       I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct. Executed on April 11, 2012, at Los Angeles, California.

By: _/s/ Matthew Clark Bures_

Matthew Clark Bures, Esq.

10

**NOTICE OF MOTION AND MOTION FOR ORDER GRANTING LEAVE TO WITHDRAW AS COUNSEL OF RECORD**

1

## PROOF OF SERVICE - CCP §§ 1013a, 2015.5

2

     I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 707 Wilshire Boulevard, 45th Floor, Los Angeles, CA 90017-3609.

3

4

     On April 11, 2012, I served the foregoing document(s) described as follows:

5

6

**NOTICE OF MOTION AND MOTION FOR ORDER GRANTING LEAVE TO WITHDRAW AS COUNSEL OF RECORD FOR DEFENDANT WESTPARK CAPITAL, INC.; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; PARTIALLY REDACTED DECLARATION OF JAY S. AUSLANDER, ESQ.**

7

8

9

By serving the following parties:

10

WestPark Capital, Inc.
1900 Avenue of the Stars, Suite 310
Los Angeles, CA 90067
Telephone: (310) 843-9300

11

12

13

14

[ X ]  **BY PERSONAL SERVICE**  I caused such envelope to be delivered by hand to the offices of the addressee(s).

15

[ X ]  **FEDERAL**:  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

16

17

     I declare under penalty of perjury under the laws of the State of

18

California and the United States of America that the foregoing is true and correct.

19

Executed on April 11, 2012, at Los Angeles, California.

20

21

                   */s/ Matthew Clark Bures*
By: _____
Matthew Clerk Bures

22

23

24

1881-003/64431

25

26

27

28

---

11

**NOTICE OF MOTION AND MOTION FOR ORDER GRANTING LEAVE TO WITHDRAW AS COUNSEL OF RECORD**