Stephen D. Hibbard, Esq. (SBN 177865)
SHEARMAN & STERLING LLP
Four Embarcadero Center, Suite 3800
San Francisco, CA 94111
Telephone: (415) 616-1100
Facsimile: (415) 616-1199
Email: shibbard@shearman.com

*Counsel for ZST Digital Networks, Inc.,
Zhong Bo, Zhong Lin, John Chen,
and Zeng Yun Su*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT SCOTT, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ZST DIGITAL NETWORKS, INC., et al.,<br><br>Defendants. | Case No. 11-CV-03531-GAF (JCx)<br><br>**FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE**<br><br>Judge: HON. GARY A. FEESS |

1    IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

2    1.    This Order and Final Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings set forth in the Stipulation and Agreement of Settlement dated as of February 1, 2013 (the "Stipulation "), except to the extent revised in this Order.

2.    "Settled Claims", as set forth in paragraph A.18 of the Stipulation is revised to mean:

> any and all claims, debts, demands, liabilities, rights, and causes of action of every nature and description whatsoever (including but not limited to any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liability whatsoever), whether based on federal, state, local, statutory, or common law or any other law, rule, or regulation, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, a law or in equity, matured or unmatured, whether class or individual in nature, including both known claims and Unknown Claims (as defined below) (i) that have been alleged or asserted in the Litigation by Lead Plaintiff and/or Settlement Class Members against and of the Settling Defendants; or (ii) that could have been alleged or asserted in the Litigation by the Lead Plaintiff or Settlement Class Members, including but not limited to any claim arising out of or relating to any of the acts, omissions, misrepresentation, facts, events, matters, transactions or occurrences referred to in the Litigation or otherwise alleged or asserted in the Litigation. . .. Provided, however, that nothing in this Settlement nor any release or injunction hereunder shall be deemed a release of or will otherwise enjoin the Robert W. Seiden as Receiver for ZSTN (the "Receiver") from commencing or pursuing in any manner any action with respect to the named defendants relating to any claims owned by the Receiver individually or on behalf of ZSTN against such named defendants.

3.    This Court has jurisdiction over the subject matter of the Litigation and over the Settling Parties to the Litigation, including all Members of the

Settlement Class who did not timely file a request for exclusion from the Class by the July 5, 2013 deadline pursuant to the Court's Order dated March 27, 2013.

4. As set forth in the Final Approval Order, the Court certifies this Litigation as a class action and finds that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Court appointed Class Representative, J. Malcolm Gray, are typical of the claims of the Settlement Class he represents; (d) the Settlement Class Representative has and will continue to fairly and adequately represent the interests of the Settlement Class; (e) the questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies this Litigation as a class action on behalf of all those who purchased or otherwise acquired ZST Digital Networks, Inc. securities during the Class Period from October 20, 2009 through and including April 21, 2011, and were damaged thereby. Excluded from the Settlement Class are Settling Defendants, any other officers, employees, or directors of ZSTN, members of the immediate families of any excluded person, the legal representatives, heirs, successors, or assigns of any excluded person or entity, and any entity in which any Defendant has or had a controlling interest.

5. As set forth in the Final Approval Order, the distribution of the Notice and the publication of the Summary Notice, as provided for in the Notice Order, constituted the best notice practicable under the circumstances, including individual notice to all members of the Settlement Class who could be identified through reasonable effort. Said notices provided the best notice practicable under

1 the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notices, and said notices fully satisfied the requirements of Federal Rule of Civil Procedure 23, Section 21D(a)(7) of the Securities and Exchange Act of 1934, the requirements of Due Process, and any other applicable law.

6. As set forth in the Final Approval Order, pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement set forth in the Stipulation and finds that said Settlement is, in all respects, fair, reasonable and adequate to, and is in the best interests of the Lead Plaintiff, the Settlement Class and each of the Settlement Class Members. This Court further finds the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of the Lead Plaintiff, Settlement Class Members and the Settling Defendants. Accordingly, the Settlement embodied in the Stipulation of Settlement is hereby approved in all respects and shall be consummated in accordance with its terms and provisions. The Settling Parties are hereby directed to perform the terms of the Stipulation.

7. The Litigation and all claims contained therein, including all of the Settled Claims and Settled Indemnification Claims, are dismissed with prejudice as to the Lead Plaintiff and the other Members of the Settlement Class, and as against each and all of the Released Parties. The Settling Parties are to bear their own costs, except as otherwise provided in the Stipulation.

8. Upon the Effective Date, the Lead Plaintiff and each of the Settlement Class Members shall be deemed to have, and by operation of the Order and Final Judgment shall have, fully, finally, and forever released, relinquished and discharged all Settled Claims against the Released Parties, whether or not such Settlement Class Member executes and delivers a Proof of Claim and Release form. Lead Plaintiffs and the Settlement Class Members, and anyone acting or purporting to act for any of them, are hereby permanently and forever enjoined

from prosecuting, attempting to prosecute, or assisting others in the prosecution of the Settled Claims against the Released Parties.

9. The Settling Parties intend the Settlement to be a final and complete resolution of all disputes asserted by the Lead Plaintiff or the Settlement Class Members or which could be asserted by the Lead Plaintiff or the Settlement Class Members against any and all Released Parties with respect to the Settled Claims, Settled Defendants' Claims, and/or Settled Indemnification Claims. Provided, however, that nothing in this Settlement nor any release or injunction hereunder shall release, enjoin, waive or in any way otherwise affect the right and ability of Robert W. Seiden as Receiver for ZSTN (the "Receiver") to commence or pursue in any manner any action with respect to the named Defendants relating to any claims by the Receiver individually or on behalf of ZSTN against such named Defendants.

10. Upon the Effective Date hereof, each of the Released Parties shall be deemed to have, and by operation of this Order and Final Judgment shall have, fully, finally, and forever released, relinquished and discharged the Lead Plaintiff, each and all of the Settlement Class Members, and Lead Counsel from all Settled Defendants' Claims.

11. Upon the Effective Date hereof, each of the WestPark Defendants shall be deemed to have, and by operation of this Order and Final Judgment shall have, fully, finally, and forever released, relinquished and discharged ZSTN, the Individual Defendants, and the Released Parties from the Settled Indemnification Claims. The WestPark Defendants, and anyone acting or purporting to act for any of them, are hereby permanently and forever enjoined from prosecuting, attempting to prosecute, or assisting others in the prosecution of the Settled Indemnification Claims against ZSTN, the Individual Defendants or the Released Parties.

1    12.    Any further orders or proceedings solely regarding the Plan of Allocation shall in no way disturb or affect this Order and Final Judgment and shall be separate and apart from this Order and Final Judgment.

13.    Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Settled Claim, or of any wrongdoing or liability of the Settling Defendants; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. The Released Parties may file the Stipulation or the Order and Final Judgment in any other litigation that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

14.    Without affecting the finality of this Order and Final Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees and expenses in the Litigation; and (d) all Parties hereto for the purpose of construing, enforcing and administering the Stipulation.

15.    The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure No. 11.

16.    In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur,

-5-
FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

1 or in the event that the Settlement Fund, or any portion thereof, is returned to the
2 Settling Defendants, then this Order and Final Judgment shall be rendered null and
3 void to the extent provided by and in accordance with the Stipulation and shall be
4 vacated and, in such event, all orders entered and releases delivered in connection
5 herewith shall be null and void to the extent provided by and in accordance with
6 the Stipulation of Settlement.

7     17. As set forth in the Final Approval Order, the Court **GRANTS** Lead
8 Counsel attorneys' fees of 25% of the Settlement Fund, or $425,000, and expenses
9 in an amount of $48,066.44 together with the interest earned thereon for the same
10 time period and at the same rate as that earned on the Settlement Fund until paid.
11 The Court finds that the amount of fees awarded is fair and reasonable in light of
12 the time and labor required, the novelty and difficulty of the case, the skill required
13 to prosecute the case, the experience and ability of the attorneys, awards in similar
14 cases, the contingent nature of the representation and the result obtained for the
15 Class. Lead Counsel shall allocate such attorneys' fees among Plaintiffs' Counsel
16 in a fashion which, in the opinion of Lead Counsel, fairly compensates Plaintiffs'
17 Counsel for their respective contributions in the prosecution of the Litigation.

18     18. The awarded attorneys' fees and expenses, and interest earned
19 thereon, shall be paid to Lead Counsel from the Settlement Fund immediately after
20 the date this Order and Final Judgment is executed subject to the terms, conditions,
21 and obligations of the Stipulation and in particular section H thereof, which terms,
22 conditions, and obligations are incorporated herein.

23     19. As set forth in the Final Approval Order, the Court **GRANTS** an
24 award of $1,500 to Lead Plaintiff for his time spent on this lawsuit.

25     20. If any funds remain in the Net Settlement Fund by reason of uncashed
26 checks or otherwise, then, after the Claims Administrator has made reasonable and
27 diligent efforts to have Settlement Class Members who are entitled to participate in
28 the distribution of the Net Settlement Fund cash their distribution checks and in no

event earlier than one year after the initial distribution of such funds, Lead Plaintiff may contribute any balance remaining in the Net Settlement Fund to one or more non-sectarian, not-for-profit organizations exempt under Section 501(c)(3) of the Internal Revenue Code designated by Lead Counsel.

21.  If there is a conflict between the Stipulation and this Final Judgment and Order, the Final Judgment and Order governs.

DATED:  October 9, 2013

*/s/ Gary Feess*
The Honorable Gary A. Feess
United States District Judge